UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HABIB ABDULKARIM,<br><br>　　　　　　　　　　Petitioner,<br>v.<br>CLARK COUNTY DETENTION CENTER, *et al.*,<br><br>　　　　　　　　　　Respondents. | Case No. 2:22-cv-01241-GMN-NJK<br><br>Order Granting Application to Proceed *in Forma Pauperis* (ECF No. 1) and to Show Cause that Claims are Exhausted |

　　　Habib Abdulkarim has submitted a *pro se* 28 U.S.C. § 2241 petition for a writ of habeas corpus. (ECF No. 1-1.) His application to proceed *in forma pauperis* (ECF No. 1) is granted. Because it appears that he has not raised his claim of excessive bail in the Nevada appellate courts, this court directs that he file such proof he may have to demonstrate that he has exhausted his state remedies.

　　　Abdulkarim explains that he is currently held in state custody at the Clark County Detention Center (CCDC) pending trial on a state criminal charge. He complains that his bail, set at $20,000, is excessive. He asserts that his lawyer refuses to file motions on his behalf. But he also attaches court minutes that reflect that his attorney filed a motion for own recognizance release/setting reasonable bail that the state district court denied on May 23, 2022. (ECF No. 1-1, p. 9.)

　　　The Excessive Bail Clause of the Eighth Amendment "does not bar the state from detaining arrestees without bail, or from considering interests other than flight prevention in setting bail," but it does "prevent[] the imposition of bail conditions that are

1

excessive in light of the valid interests the state seeks to protect by offering bail." *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 660 (9th Cir. 2007) (citing *U.S. v. Salerno*, 481 U.S. 739, 754 (1987)). Also, while an accused does not have an absolute right to bail, he does "a Fourteenth Amendment due process right to have a state's bail system administered without caprice or discrimination." *Kelly v. Springett*, 527 F.2d 1090, 1093 (9th Cir. 1975).

Under Nevada law, a person arrested for an offense other than murder of the first degree must be admitted to bail. NRS § 178.484. The state court is bestowed with the discretionary power to set bail within statutory and constitutional limits. *See id*; *see also Bergna v. State*, 102 P.3d 549, 551 (Nev. 2004).

Abdulkarim needs to first demonstrate that he has exhausted available state court remedies with respect his continuing custody. *See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973) (holding that pretrial detainee in state custody must exhaust available state court remedies for federal court to consider detainee's constitutional claim); *Arevalo v. Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018). In *Arevalo*, the court of appeals pointed out that the petitioner, a pretrial detainee, had properly exhausted his state court remedies, noting that he had "filed two motions with the superior court, a habeas petition with the California Court of Appeal, and a petition for a writ of habeas corpus with the California Supreme Court, each of which was denied." *Id*. at 767.

Here, as stated above, Abdulkarim attaches the motion for own recognizance release/setting reasonable bail that the state district court recently denied in May 2022. This court takes judicial notice of the Nevada state appellate courts' docket, which reflect that Abdulkarim has not sought appellate review of his bond denial. Nevada statutes provide for both mandamus relief (NRS § 34.150 et seq.) and habeas relief (NRS § 34.360 et seq.). As a matter of simple comity, this court is not inclined to intervene prior to giving the Nevada courts an opportunity to redress any violation of

Abdulkarim's constitutional rights. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (explaining that the exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights.").

Because it appears that Abdulkarim has not exhausted any federal claim, he has **30 days** from the date of entry of this order to show cause and file such proof he may have to demonstrate that he has exhausted his state remedies. If he has failed to exhaust state remedies, his federal petition will be dismissed without prejudice. *See* Rule 4, Rules Governing Habeas Corpus.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk detach and FILE the petition (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the Clerk ADD Aaron D. Ford, Nevada Attorney General, as counsel for respondents and provide respondents an electronic copy of all items previously filed in this case by regenerating the Notice to the office of the AG only. No response is required by the AG.

**IT IS FURTHER ORDERED** that the Clerk serve the petition and this order by sending a copy of each by certified mail to Steve Wolfson, Clark County District Attorney, Regional Justice Center, 200 Lewis Ave., Las Vegas, NV 89101.

**IT IS FURTHER ORDERED** that the Clerk ADD Steve Wolfson, Clark County District Attorney, to the docket for the purpose of service of documents only. No response is required by the DA.

**IT IS FURTHER ORDERED** that petitioner has **30 days** from the date of entry of this order to show cause and file such proof he may have to demonstrate that he has exhausted his state remedies.

**IT IS FURTHER ORDERED** that if petitioner is unable to demonstrate that he has exhausted his state remedies, the court will enter an order dismissing the petition.

DATED: 25 August 2022.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE